95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Erma MILLER, Plaintiff-counter-defendant-Appellant,
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; Provident
Mutual Life, Defendants-counter-claimants-Appellees,
and
Isabel Howell; C. Barry Mowrey; Connie Carr, Defendants-Appellees.
 No. 95-55654.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1996.
Decided Aug. 28, 1996.
 
 Before: D.W. NELSON, T.G. NELSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Erma Miller appeals a grant of summary judgment by the district court in favor of the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Miller challenges the district court's grant of summary judgment for the defendants on the question of proof of loss. Miller contends that additional proof of loss was not required once the disability was established. Miller's claim lacks merit. Under the terms of the policy the insurer can require continuing proof of loss. Also, California law establishes that disability insurers can make reasonable requests for proof of continuing disability. Erreca v. Western States Life Ins. Co., 121 P.2d 689 (Cal.1942). In addition, neither Miller nor Stites responded to Provident's numerous requests for proof of disability by taking the position that Provident was not entitled to request them, but rather submitted incomplete and inadequate materials. Because the record fails to indicate that Miller submitted adequate proof of continuing disability, the district court did not err in granting summary judgment for the defendants.
 
 
 4
 Miller also argues that there is a triable issue of fact regarding the sufficiency of the notice that the policy was being taken off premium waivers. It is uncontested that on February 5, 1992, Provident Life, in response to an inquiry by Miller, informed her of the status of the policy and gave her until February 20 to respond if she wished to pursue her claim. Miller presented no evidence that she responded to this offer within the time period allowed. Based on this course of conduct, we hold that there is no issue of fact concerning whether Miller received adequate notice. Therefore the district court did not err in granting summary judgment on this issue.
 
 
 5
 Finally, Miller argues that the fact the insured is incarcerated does not, as a matter of law, preclude payment of disability benefits. Because we affirm the district court's grant of summary judgment we need not reach this issue.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3